UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-068-H

PUBLISHERS PRESS, INCORPORATED
and PUBLISHERS PRINTING COMPANY, LLC                                    PLAINTIFFS

V.

MONTAGE MEDIA CORP. a/k/a                                               DEFENDANTS
MONTAGE MEDIA CORPORATION
and STEPHEN E. SWEENEY

**MEMORANDUM OPINION**

Plaintiffs, Publishers Press, Incorporated and Publishers Printing Company, LLC (collectively "Publishers" or "Plaintiffs"), brought this action against Montage Media Corporation and Stephen E. Sweeney (collectively "Defendants") in Jefferson Circuit Court to recover monies owed on an account and two notes held by Plaintiffs. Defendants removed the case to federal court. Before the Court is Plaintiffs' Motion for Summary Judgment. The Court allowed the parties time to negotiate a settlement, but those negotiations were unsuccessful. The Court has considered the memorandums filed by both parties and, for the reasons stated below, will sustain Plaintiffs' motion.

**I.**

The essential facts of this case are not in dispute. Publishers provides printing and other services to magazine publishers and Montage Media was a long-time client. Beginning in 1992, a written agreement governed the business relationship between the parties. The agreement provided that Publishers would supply its services to Montage on account. In 2005, Montage

faced significant economic challenges and was past due on its account debt. It was also past due on payments owed on a promissory note it executed in 2003 and held by Publishers. The parties negotiated a new promissory note (the "2005 Note") that subsumed a portion of the account debt and the balance of the prior note, totaling $1,377,669.80. The 2005 Note contained a personal guarantee by Sweeney for "full and prompt payment when due of all sums due." Sweeney also signed a Continuing Personal Guaranty in which he personally guaranteed all of Montage's obligations to Publishers in excess of $1,750,000, capped at $500,000 of personal liability.

The parties subsequently modified the 2005 Note in July 2007 and January 2008. The first modification altered the payment structure and schedule so that a $875,000 lump sum payment, originally due on June 15, 2007, would be due within 30 days of the sale of property for which Sweeney was "the contract Purchaser/Developer" (the "Sweeney Property"), but no later than January 2, 2008. The second modification removed the January 2, 2008 deadline, but made the lump sum payment due five days after the sale of the Sweeney Property. The parties also agreed in 2008 to reduce the interest rate on the account debt and 2005 Note from "prime plus two percent (2%)" to the prime rate itself.

The business relationship between the parties continued, but Montage's account debt was again past due and in default in March 2008. The parties executed another promissory note (the "2008 Note") in the amount of $264,397.15, subsuming a portion of the account debt. The 2008 Note was due upon the sale of the Sweeney Property or March 17, 2009, whichever occurred first. Interest payments were due and payable monthly beginning April 17, 2008, charged at the prime rate. As with the 2005 Note, Sweeney personally guaranteed the 2008 Note in full.

As of the filing of Plaintiffs' summary judgment motion and Defendants' response, the

Sweeney property had not been sold. However, Defendants have since advised the Court that the property has been sold, but that Sweeney, "as the contract purchaser, has not received any proceeds from the sale."

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must show that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff note-holder seeking judgment on a promissory note can win summary judgment on a showing that the defendant debtor executed and defaulted on the note. *See U.S. v. Zharn*, 8 F. App'x 465, 466 (6th Cir. 2001); and *Proctor v. U.S. Dept. of Educ.*, 196 F. App'x 345, 347-48 (6th Cir. 2006); *accord Colony Creek, Ltd. v. Resolution Trust Corp.*, 941 F.2d 1323, 1325 (5th Cir. 1991) ("suits to enforce promissory notes 'are among the most suitable classes of cases for summary judgement'") (quoting *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1973)).

## III.

Plaintiffs seek judgment on three separate debts: the account debt, the 2005 Note, and the 2008 Note. They have produced copies of the written instruments underlying these debts and statements of payments on the notes and account. Further supporting Plaintiffs' motion is Publishers Credit Manager Darvin Gauer's affidavit attesting that Defendants are in default on all three debts and that all payments made by Montage have been applied to the indebtedness.

Defendants do not challenge the validity of the account debt or the 2008 Note, or that

both debts are due for payment. Thus, the only factual issue Defendants contend as to these two debts are the amounts owed.[1] The Court will discuss Defendants' contention as to Plaintiffs' calculations below, as the argument seems to apply to all three debts.

Defendants argue that Publishers obtained the 2005 Note from Montage through "duress and misrepresentation." They allege that Publishers would not release current editions of two Montage publications unless Defendants executed the 2005 Note and Continuing Personal Guaranty and that this conduct constituted duress. The allegation is supported by an e-mail sent from Darvin Gauer at Publishers to Montage. They also allege that Publishers represented to Richard Helstein, Montage's CFO, that the 2005 Note and Continuing Personal Guaranty were identical to past notes and guarantees between the parties. Defendants aver that they relied on Publishers' representations and that these representations were incorrect. Accepting these factual allegations as true, both arguments fail as a matter of law.

A.

Defendants cite no support for their proposition that Publishers' refusing to release editions of two Montage periodicals amounts to duress. "Duress is an actual or threatened violation or restraint on a man's person, contrary to law, to compel him to enter into a contract or to discharge one." *Bond State Bank v. Vaughn*, 44 S.W.2d 527, 528 (Ky.1931), citing *Fratello v. Fratello*, 118 Misc. 584, 193 N.Y.S. 865 (N.Y.Sup.1922); *accord Martin v. Ratliff Furniture Co.*, 264 S.W. 2d 273, 275 (Ky. 1954). The threat must so strongly influence the person claiming duress "'that his acts are not the result of his own will.'" *Id.* at 529 (quoting *Coon v. Metzler*, 154 N.W. 377, 378 (Wis. 1915). Defendants have failed to show how Plaintiffs'

---

[1] Defendants "take issue with plaintiffs' calculations of the amounts allegedly due and owing."

4

conduct, which was arguably within their contractual rights given Montage's account being past due, amounted to duress. *See Holmes v. Clark*, 118 S.W.2d 758, 762 (Ky. 1938) (holding that finance company's refinancing of plaintiff's debt to third-party bank on condition that plaintiff execute notes for amounts owed to finance company was not duress); and *Redmon v. McDaniel*, 540 S.W.2d 870, 872 (Ky. 1976) ("it is not duress to threaten to do what one has a legal right to do"). Defendants' bare assertion that the 2005 Note was a product of duress will not preclude summary judgment. *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004).

B.

Defendants claim Publishers told them that the 2005 Note and Continuing Personal Guaranty were "in all respects identical to other notes and personal guaranties that Sweeney had endorsed in the past," but in fact were "significantly different" from previous guaranties and obligated Sweeney more than he had wanted. They argue Publishers made a material misrepresentation and that enforcement of the 2005 Note would be unjust. Defendants cite in support of their position a case in which Judge Swinford of this Court held that misrepresenting to potential lessees that an oil field produces more than 400 barrels of oil per day when it "rarely produced as much as half" that amount constituted fraud. *Krumholz v. Goff*, 198 F. Supp. 129, 133 (W.D.Ky. 1961) *aff'd in part*, 315 F.2d 575 (6th Cir. 1963). However, Judge Swinford also noted that Kentucky courts recognize the rule that if a party has the means to know of his rights and all material facts and still assents to a contract, then that contract "becomes unimpeachable in equity." *Id.* at 137; *see also Smith v. Bethlehem Sand & Gravel Co., LLC*, 342 S.W.3d 288, 295 (Ky. Ct. App. 2011) (holding that guarantor who had opportunity to read the guaranty agreement he signed is obligated to the terms of that agreement); and *Fluke Corp. v. LeMaster*,

306 S.W.3d 55, 62 (Ky. 2010) (noting that equitable estoppel requires "lack of knowledge and of the means of knowledge of the truth as to the facts in question") (quoting *Sebastian-Voor Prop., LLC v. Lexington-Fayette Urban Cnty. Gov't*, 265 S.W. 3d 190, 194-95 (Ky. 2008)).

Here, Defendants have not provided an explanation as to why they were unable to review the three-page 2005 Note or the three-page Continuing Personal Guaranty, or have it reviewed by legal counsel. They have shown the Court no grounds for estopping enforcement of the 2005 Note and Continuing Personal Guaranty based on material misrepresentations. Seeing no genuine issues of fact as to the validity of the 2005 Note, the Court finds the note to be valid and past due.[2]

## IV.

The only remaining issue is the amount for which Montage and Sweeney are liable on each of these debts. Plaintiffs claim Montage owes a total of $2,368,512.01 on the three debts. Plaintiffs have stipulated that should the Court find Sweeney is personally liable on the 2005 and 2008 Notes, then they will waive claims relating to Sweeney's potential additional liability pursuant to the Continuing Personal Guaranty agreement. The Court finds that, pursuant to the terms of the executed notes, Sweeney is personally liable on the 2005 and 2008 Notes, totaling $1,642,066.95 plus interest, less any payments already tendered.

Defendants generally dispute Plaintiffs' calculations of the amounts due on the account and the notes. They claim, with no supporting documentation, to have made more than $745,000

---

[2]Defendants seem to suggest that the lump sum payment of the 2005 Note is not due, despite the sale of the Sweeney property because Sweeney "has not yet received a single penny due and owing to him, as the contract purchaser, from the proceeds of the sale." The terms of the 2005 Note, as amended by the Forebearance Agreement and January 2008 letter, are clear that the lump sum $875,000 payment is due five days after the close of the sale and is in no way conditioned upon Sweeney's receiving payment.

in payments from 2003 to 2008. The statements Publishers have produced indicate that, as of May 8, 2009, Montage made $361,201.91 in payments on the 2005 Note, of which $351,940.74 was charged against interest. The statements reflect $14,047.11 paid on the 2008 Note, of which $12,298.40 was charged against interest. The Montage Media Corporation Statement of Account lists only unpaid invoices, not payments made on the account. Defendants also note that Publishers has charged them with more than $100,000 in "service fees...presented in large unqualified denominations that are not connected with specific invoices." The Statement of Account reflects monthly service charges beginning in April 2008 which total less than $50,000 and no other charges accounted as service fees.

The Court will order judgments in favor of Plaintiffs on the 2005 and 2008 Notes against both Montage Media and Sweeney in his capacity as personal guarantor. Judgments are for the principal amounts of the Notes, $1,377,669.80 and $264,397.15, respectively, plus interest and less any payments already tendered. The Court will also enter judgment against Montage Media on the account debt excluding any amounts accounted as a monthly "Service Charge" beginning April 2008. Plaintiffs shall calculate the dollar amount of this judgment, pursuant to this order, and submit it for Court approval.

The Court will enter two separate orders consistent with this Memorandum Opinion.

cc:   Counsel of Record